THE PEOPLE, EX REL. WILLIAM G. SAUNDERS, v. KENNEDY HANNA.

*Elections—Inmates of Soldiers' Home—Rejection of vote of precinct—Estoppel.*

1. Inmates of the Michigan Soldiers' Home, admitted from other localities than the township in which the Home is situated, are not legal voters in said township; citing *Wolcott v. Holcomb*, 97 Mich. 361.

2. Relator and respondent were opposing candidates for the office of justice of the peace at the spring election of 1892 in the township of Grand Rapids. The township is divided into two election precincts, in one of which the Michigan Soldiers' Home is situated. The face of the returns showed a majority of three for the respondent, but 82 inmates of the Home, who were not legal voters in the township, voted at the election, and it was impossible to ascertain for which candidate they voted. And

it is held that the vote of the precinct must be excluded; citing *Attorney General v. McQuade,* 94 Mich. 439.

3. A candidate for office, who is not present when illegal votes are cast, is not estopped from attacking his opponent's title, on the ground that he did not personally challenge the voters.

Error to Kent. (Grove, J.) Submitted on briefs January 3, 1894. Decided January 26, 1894.

*Quo warranto* to test the title of respondent to the office of justice of the peace. Respondent brings error. Affirmed. The facts are stated in the opinion.

*Taggart, Wolcott & Ganson,* for appellant.

*Francis A. Stace,* for relator.

HOOKER, J. Relator and respondent were opposing candidates for justice of the peace, the latter being declared elected. Upon *quo warranto* to try the title to the office, it appeared that respondent, upon the face of the returns, had a majority of three votes. It also appeared that 82 inmates of the Soldiers' Home, admitted from other localities, voted at such election, and that it was impossible to ascertain for whom they had cast their votes. The relator had previously requested one of the inspectors of election to challenge such voters, but such inspector failed to do so, fearing a disturbance.

Under the holding of this Court in the recent case of *Wolcott v. Holcomb,* 97 Mich. 361, the 82 persons referred to were not qualified voters; and, as it is impossible to ascertain which candidate received the greater number of votes, the vote of the precinct must be excluded. *Attorney General v. McQuade,* 94 Mich. 439.

It is contended that the relator is estopped from attacking his opponent's title to the office because he did not personally challenge these voters. It does not appear that he was present when these votes were cast, and he was not

bound to anticipate that disqualified persons would attempt to vote. As a precaution, he appears to have directed an inspector to challenge any such votes that might be offered, which indicates that he was not, as intimated, disposed to take his chances upon getting their votes, and then attack the election upon this ground if defeated.

The judgment will be affirmed.

The other Justices concurred.